```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
KEVIN ROSS,                   :
                              :
         Plaintiff,           :    Civ. No. 20-18891 (NLH) (AMD)
                              :
    v.                        :    OPINION
                              :
MR. ANDAJAR, et al.,          :
                              :
         Defendants.          :
_____:
```

APPEARANCE:

Kevin Ross
5 Grant Street
Portland, ME 04101

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Kevin Ross seeks to bring this civil action in forma pauperis ("IFP"), without prepayment of fees or security, asserting a claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See ECF No. 6.

    The Court denied Plaintiff's IFP original application because it was on the Eastern District of Pennsylvania's short form and did not include information this District requires on IFP applications, e.g., anticipated future income, two-years employment history, statement of assets, monthly expenses, etc. ECF No. 4. The complaint was administratively terminated and Plaintiff instructed to either pay the $350 filing fee and $52

administrative fee or submit a new application on the appropriate form. ECF No. 5.

Plaintiff submitted a new application on the form for prisoners. ECF No. 6. If Plaintiff is currently incarcerated, the application is incomplete because he did not submit an account statement for the previous six months. 28 U.S.C. § 1915(a)(2). If Plaintiff is not incarcerated, he did not complete the correct form. This matter will be administratively terminated pending submission of the filing and administrative fees or a completed IFP application. To complete his application, Plaintiff must either submit a prison account statement or the long form application.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1] The Clerk will be directed to reopen the matter once Plaintiff submits a new application. An appropriate Order follows.

Dated: February 16, 2021        s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

---

[1] An administrative termination is not a "dismissal" for purposes of the statute of limitations. A case re-opened pursuant to the terms of the accompanying Order is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (District Court retains jurisdiction over, and can re-open, administratively closed cases).